# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-428V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                        *       Chief Special Master Corcoran
GAYLE DILLENBECK,                       *
                                        *
            Petitioner,                 *       Filed:  May 5, 2020
                                        *
    v.                                  *
                                        *       Decision by Stipulation; Damages;
SECRETARY OF HEALTH                     *       Guillain-Barré syndrome;
AND HUMAN SERVICES,                     *       Influenza Vaccine; Past Lost Wages.
                                        *
            Respondent.                 *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Leah Durant*, Law Offices of Leah V. Durant, PLLC, Washington, D.C., for Petitioner.

*Debra Begley*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## FINAL DECISION AWARDING DAMAGES[1]

On March 27, 2017, Gayle Dillenbeck filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she suffered from Guillain-Barré syndrome as a result of her October 30, 2015 receipt of the influenza vaccine. Moreover, Petitioner alleged that she experienced onset of her condition within the timeframe set forth in the Vaccine Injury Table and had residual effects of this injury for more

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

than six months. Respondent conceded entitlement in the fall of 2017, but the parties disputed the quantum of damages to be awarded.

After holding a damages hearing in the winter of 2019, I issued a Decision Awarding Damages on July 29, 2019 (ECF No. 51,) awarding pain and suffering, past lost wages, and past unreimbursed expenses. The parties then filed cross Motions for Review of the Decision Awarding Damages. The parties did not seek review of my determination regarding past unreimbursed costs totaling $2,314.59, and my determination regarding Petitioner's pain and suffering award of $180,857.15 was affirmed. *See* Order on Review, dated January 22, 2020 (ECF No. 62). The issue of past lost wages, however, was remanded for my re-evaluation.

The parties have now agreed in a stipulation (filed on May 5, 2020) that the issue of past lost wages could be settled, and that a final Decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $218,171.74 in the form of a check payable to Petitioner, which represents $35,000.00 for past lost wages; $2,314.59 for unreimbursed costs, and $180,857.15 for pain and suffering.

Stipulation at ¶10–13. This amount represents compensation for all damages that would be available under Section 15(a) of the Act. In addition, the sums for unreimbursed costs and pain and suffering are also consistent with the undisputed/unappealed portions of my earlier/remanded damages decision, as well as the January 2020 Order of the Court of Federal Claims.

Accordingly, I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]


**IT IS SO ORDERED.**

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

<u>/s/ Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| GAYLE DILLENBECK, | |
| Petitioner, | No. 17-428V |
| | Chief Special Master Corcoran |
| v. | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

## STIPULATION

The parties hereby stipulate to the following matters:

1.      Gayle Dillenbeck ("petitioner") filed a petition for vaccine compensation under the

National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine

Program"). The petition seeks compensation for an injury allegedly related to petitioner's receipt

of an influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42

C.F.R. § 100.3(a).

2.      Petitioner received a flu vaccine on October 30, 2015.

3.      The vaccine was administered in the United States.

4.      Petitioner sustained the first symptoms or manifestation of onset of Guillain-Barre

Syndrome ("GBS") within the time period set forth in the Table, and experienced the residual

effects of her GBS for more than six months.

5.      There is not a preponderance of evidence demonstrating that petitioner's GBS is

due to a factor unrelated to her immunization.

6.      Petitioner represents that there has been no prior award or settlement of a civil

action for damages on her behalf as a result of her alleged injury.

7.      Accordingly, on October 20, 2017, respondent filed a Rule 4 Report stating that petitioner is entitled to compensation for her GBS under the terms of the Vaccine Act.

8.      On October 23, 2017, the Chief Special Master issued an entitlement decision, finding petitioner entitled to compensation under the Act.  On July 29, 2019, the Chief Special Master issued a Decision Awarding Damages, including pain and suffering, past lost wages, and past unreimbursed expenses.

9.      On August 28, 2019, the parties filed cross Motions for Review of the Chief Special Master's Decision Awarding Damages, with the petitioner challenging the Chief Special Master's award of damages for pain and suffering and denial of future lost wages, and the respondent seeking review of the Chief Special Master's past lost wages award.  On January 22, 2020, Senior Judge Coster Williams issued an Opinion and Remand Order, affirming the Chief Special Master's award of pain and suffering and remanding the Chief Special Master's decision on lost wages, directing him to re-evaluate petitioner's entitlement to lost wages "in accordance with generally recognized actuarial principles and projections." *Dillenbeck v. Sec'y of Health & Human Servs.*, No. 17-428V, 2020 WL 582588, at *10 (Fed. Cl. Feb. 6, 2020) (citing 42 U.S.C. § 300aa-15(a)(3)(A)).

10.     The parties did not seek review of the Chief Special Master's award of $2,314.59 for past unreimbursed expenses.

11.     The parties waive the right to appeal the Court's Opinion and Remand Order, and therefore petitioner waives the right to appeal the Court's denial of petitioner's motion for review, and the Court's affirmance of the Chief Special Master's award of $180,857.15 for pain and suffering.

12.     Maintaining their positions as to the sole issue on remand, the parties nevertheless now agree that the issue between them shall be settled and that a decision should be entered awarding compensation described in paragraph 13 below.

13.     As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $35,000.00 in the form of a check payable to petitioner, which represents compensation for past lost wages.

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a)(3)(A).

14.     As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1) and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

15.     Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

16.     Payment made pursuant to paragraph 13 of this Stipulation, and any amount awarded pursuant to paragraph 14, will be made in accordance with 42 U.S.C. § 300aa-15(i),

subject to the availability of sufficient statutory funds.

17.     The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

18.     In return for the payments described in paragraph 13, and any amount awarded pursuant to paragraph 14, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors, or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from the flu vaccine administered on October 30, 2015, as alleged in a Petition filed on March 27, 2017, in the United States Court of Federal Claims as petition No. 17-428V.

19.     If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

20.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then

the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

21.    This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 14 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

22.    This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's GBS or any other injury or her current condition; however, petitioner has satisfied the Table criteria to establish entitlement to compensation.

23.    All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*Gayle Dillenbeck*

GAYLE DILLENBECK

**ATTORNEY OF RECORD FOR
PETITIONER:**

LEAH V. DURANT
1717 K Street NW, Suite 900
Washington, DC 20006
202-775-9200

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

*Ward Sorensen for*

TAMARA OVERBY
Acting Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08-N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

*Debra F. Begley
by Catharine E.*

DEBRA F. BEGLEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4181

Dated: 5/5/20